**Charles Devol MAPPS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–09–00565–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 18, 2010.

Scott Ramsey, Attorney at Law, Houston, TX, for Appellant.

Jessica A. McDonald, Assistant District Attorney, Patricia R. Lykos, Harris County District Attorney, Houston, TX, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and BLAND.

## OPINION

EVELYN V. KEYES, Justice.

A jury convicted appellant Charles Devol Mapps of murder and found that he used a deadly weapon. *See* Tex. Penal Code Ann. § 19.02(b)(1) (Vernon 2003). The jury assessed punishment at 65 years' imprisonment. Appellant brings a single issue, contending the trial court erred in not conducting a competency hearing. We affirm.

Houston police officers responded to a 911 emergency call concerning a shooting at an apartment complex. When the officers arrived, appellant was waiting for them outside and told the officers, "She is dead, I shot my girlfriend." After the officers arrested appellant, he gave them permission to enter the apartment, where they found the victim's body and a shotgun. At trial, the medical examiner testified that the cause of death was a gunshot wound to the head.

After the officers administered *Miranda* warnings, appellant gave a tape-recorded statement in which he admitted to shooting his girlfriend. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). Appellant told the officers that his girlfriend was a sexual-assault victim and that she had asked him numerous times to kill her. Appellant also originally planned to commit suicide, but changed his mind.

Appellant's trial counsel moved for separate psychiatric examinations for competency and sanity. Both motions stated that appellant's family had reported prior mental illness and hospitalization for mental-health problems. The trial granted both motions.[1] A sanity evaluation was conducted pursuant to the order, and that report was filed with the trial court. It concluded that appellant did not meet the statutory criteria for the insanity defense. The report determined that appellant had

---

1. Both the motions and the orders regarding the competency and sanity examinations refer to repealed provisions of the Code of Criminal Procedure. Article 46.02, relating to competency, was repealed in 2003. Act of May 14, 2003, 78th Leg., R.S., ch. 35, § 15, 2003 Tex. Gen. Laws 57, 72. Article 46.03, relating to insanity, was repealed in 2005. Act of May 27, 2005, 79th Leg. R.S., ch. 831, § 1, 2005 Tex. Gen. Laws 2841, 2841. Incompetency to stand trial is now governed by chapter 46B. Tex.Code Crim. Proc. Ann. arts. 46B.001–.171 (Vernon 2006 & Supp. 2010). The insanity defense is now governed by chapter 46C. Tex. Code Crim. Proc. Ann. arts. 46C.001–.270 (Vernon 2006).

never been treated or hospitalized for psychiatric reasons. There was no psychiatric diagnosis made in the report. The report did not specifically address competency, and no separate evaluation on competency was filed.[2]

During a later trial setting, appellant's behavior prompted defense counsel to request a psychiatric examination, which the court granted. A psychiatric exam was conducted, and the only determination made in the report was that appellant "does not need medications." One of the options on the standard report form used by the examining physician was a determination that the defendant "needs a formal mental health evaluation." No determination was made that appellant needed a formal mental-health evaluation.

Appellant's trial counsel agreed to several resettings of the trial without objecting to the lack of the competency evaluation. A jury trial was held in February 2009, which resulted in a mistrial due to the participation of an alternate juror during deliberations. Another jury trial was conducted in June 2009, which resulted in appellant's conviction. At no time did appellant's trial counsel object to the lack of the competency examination or request the trial court to rule on the issue of competency.

Article 46B.004(c) states, "On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.004(c) (Vernon 2006). Neither appellant nor the State contends that the trial court made an affirmative determination on the record as to whether some evidence existed to support a finding that appellant was incompetent to stand trial. Appellant argues that this Court should reverse his conviction for failure to conduct a competency hearing, but does not point to any place in the record where he asked the trial court to rule on his competency.

Texas Rule of Appellate Procedure 33.1(a) requires as a prerequisite for appellate review that the record show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

In this appeal, there is no request, objection, or motion from appellant on which he has received a direct or indirect adverse ruling.[3] To the contrary, the trial court

---

2. Code of Criminal Procedure article 46C.103 allows the same expert to examine a defendant with regard to both the insanity defense and competency to stand trial if the expert files separate written reports. TEX. CODE CRIM. PROC. ANN. art. 46C.103(a) (Vernon 2006).

3. The Court of Criminal Appeals has described the basic requirement of error preservation:

The standards of procedural default ... are not to be implemented by splitting hairs in the appellate courts. As regards specificity, all a party has to do to avoid the forfei-

*granted* appellant's motions regarding competency and psychiatric examinations.

What appellant suggests, without citation to authority, is that the trial court had an affirmative duty to conduct an inquiry into his competency, notwithstanding his agreement to proceed to trial without the previously ordered competency evaluation. Appellant does not argue under a *Marin* analysis that he cannot forfeit any right he has to a competency evaluation. *See Marin v. State*, 851 S.W.2d 275, 278–80 (Tex. Crim.App.1993) (discussing rights that can be forfeited, rights that can be expressly waived, and rights that cannot be waived), *overruled in part by Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997).

We hold that error, if any, regarding the competency hearing was not preserved. *See Salahud-din v. State*, 206 S.W.3d 203, 208 (Tex.App.-Corpus Christi 2006, pet. ref'd) (holding no preservation of alleged error to order competency hearing because defendant failed to object before proceeding to trial); *Boitnott v. State*, 48 S.W.3d 289, 293 (Tex.App.-Texarkana 2001, pet. ref'd) (holding no preservation of alleged error when defendant did not object to trial court's failure to make competency determination); *see also* 42 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 26.71a (2d ed. Supp. 2009). The record is silent concerning why no competency evaluation was performed, as the trial court initially ordered. Accordingly, we overrule appel-

lant's sole issue and affirm the judgment of the trial court.

---

ture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it. Of course, when it seems from context that a party failed effectively to communicate his desire, then reviewing courts should not hesitate to hold that appellate complaints arising from the event have been lost. But otherwise, they should reach the merits of those complaints without requiring that the parties read some special script to make their wishes known.
*Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App.1992).