Opinion issued November 18, 2010



In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-09-00565-CR

———————————

Charles
Devol Mapps,
Appellant

V.

The State of Texas, Appellee



 



 

On Appeal
from the 351st District Court

Harris
County, Texas



Trial Court Case No. 1137260

 



 

 

 

 

O P I N I O N

A jury
convicted appellant Charles Devol Mapps of murder and found that he used a
deadly weapon.  See Tex. Penal Code Ann.
§ 19.02(b)(1) (Vernon
2003).  The jury assessed punishment at
65 years’ imprisonment.  Appellant brings
a single issue, contending the trial court erred in not conducting a competency
hearing.  We affirm.

                    Houston
police officers responded to a 911 emergency call concerning a shooting at an
apartment complex.  When the officers
arrived, appellant was waiting for them outside and told the officers, “She is
dead, I shot my girlfriend.”  After the
officers arrested appellant, he gave them permission to enter the apartment,
where they found the victim’s body and a shotgun.  At trial, the medical examiner testified that
the cause of death was a gunshot wound to the head.

After the
officers administered Miranda
warnings, appellant gave a tape‑recorded statement in which he admitted
to shooting his girlfriend.  Miranda v. Arizona, 384 U.S. 436, 444,
86 S. Ct. 1602, 1612 (1966).  Appellant
told the officers that his girlfriend was a sexual‑assault victim and that
she had asked him numerous times to kill her. 
Appellant also originally planned to commit suicide, but changed his
mind.

Appellant’s
trial counsel moved for separate psychiatric examinations for competency and
sanity.  Both motions stated that appellant’s
family had reported prior mental illness and hospitalization for mental‑health
problems.  The trial granted both
motions.[1]  A sanity evaluation was conducted pursuant to
the order, and that report was filed with the trial court.  It concluded that appellant did not meet the
statutory criteria for the insanity defense. 
The report determined that appellant had never been treated or
hospitalized for psychiatric reasons.  There
was no psychiatric diagnosis made in the report.  The report did not specifically address
competency, and no separate evaluation on competency was filed.[2]

During a later
trial setting, appellant’s behavior prompted defense counsel to request a psychiatric
examination, which the court granted.  A
psychiatric exam was conducted, and the only determination made in the report was
that appellant “does not need medications.” 
One of the options on the standard report form used by the examining
physician was a determination that the defendant “needs a formal mental health
evaluation.”  No determination was made
that appellant needed a formal mental‑health evaluation.

          Appellant’s trial counsel agreed to
several resettings of the trial without objecting to the lack of the competency
evaluation.  A jury trial was held in
February 2009, which resulted in a mistrial due to the participation of an
alternate juror during deliberations. 
Another jury trial was conducted in June 2009, which resulted in appellant’s
conviction.  At no time did appellant’s
trial counsel object to the lack of the competency examination or request the
trial court to rule on the issue of competency.

          Article 46B.004(c) states, “On
suggestion that the defendant may be incompetent to stand trial, the court
shall determine by informal inquiry whether there is some evidence from any
source that would support a finding that the defendant may be incompetent to
stand trial.”  Tex. Code
Crim. Proc. Ann. art. 46B.004(c) (Vernon 2006).  Neither appellant nor the State contends that
the trial court made an affirmative determination on the record as to whether some evidence existed to support a finding
that appellant was incompetent to stand trial. 
Appellant argues that this Court should reverse his conviction for
failure to conduct a competency hearing, but does not point to any place in the
record where he asked the trial court to rule on his competency.

          Texas Rule of Appellate Procedure
33.1(a) requires as a prerequisite for appellate review that the record show that:

          (1) the
complaint was made to the trial court by a timely request, objection, or motion
that:

                    (A) stated the grounds for the ruling
that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint, unless the specific
grounds were apparent from the context; and

                    (B) complied with the requirements of
the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or
Appellate Procedure; and

          (2)
the trial court:

                    (A) ruled on the request, objection,
or motion, either expressly or implicitly; or

                    (B) refused to rule on the request,
objection, or motion, and the complaining party objected to the refusal.

 

In this
appeal, there is no request, objection, or motion from appellant on which he
has received a direct or indirect adverse ruling.[3]  To the contrary, the trial court granted appellant’s motions regarding competency
and psychiatric examinations.

          What appellant suggests, without
citation to authority, is that the trial court had an affirmative duty to
conduct an inquiry into his competency, notwithstanding his agreement to
proceed to trial without the previously ordered competency evaluation.  Appellant does not argue under a Marin analysis that he cannot forfeit
any right he has to a competency evaluation. 
See Marin v. State, 851 S.W.2d 275, 278–80 (Tex. Crim. App. 1993) (discussing rights that can
be forfeited, rights that can be expressly waived, and rights that cannot be
waived), overruled in part by Cain v. State, 947 S.W.2d 262, 264 (Tex.
Crim. App. 1997).

          We
hold that error, if any, regarding the competency
hearing was not preserved.  See Salahud‑din
v. State, 206 S.W.3d 203, 208 (Tex. App.—Corpus Christi 2006, pet. ref’d)
(holding no preservation of alleged error to order competency hearing because
defendant failed to object before proceeding to trial); Boitnott v. State, 48 S.W.3d 289, 293 (Tex. App.—Texarkana 2001,
pet. ref’d) (holding no preservation of alleged error when defendant did not
object to trial court’s failure to make competency determination); see also 42 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 26.71a (2d ed. Supp. 2009).  The record is silent concerning why no competency
evaluation was performed, as the trial court initially ordered.  Accordingly, we overrule appellant’s sole
issue and affirm the judgment of the trial court. 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Bland.

Publish.  Tex.
R. App. P. 47.2(b).











[1]           Both the motions and the
orders regarding the competency and sanity examinations refer to repealed
provisions of the Code of Criminal Procedure. 
Article 46.02, relating to competency, was repealed in 2003.  Act of May 14, 2003, 78th Leg., R.S., ch. 35,
§ 15, 2003 Tex. Gen. Laws 57, 72.  Article 46.03, relating to insanity, was
repealed in 2005.  Act of May 27, 2005,
79th Leg. R.S., ch. 831, § 1, 2005 Tex. Gen.
Laws 2841, 2841.  Incompetency to stand
trial is now governed by chapter 46B.  Tex. Code Crim. Proc. Ann. arts.
46B.001–.171 (Vernon 2006 & Supp. 2010). 
The insanity defense is now governed by chapter 46C.  Tex.
Code Crim. Proc. Ann. arts. 46C.001–.270 (Vernon 2006).

 





[2]           Code of Criminal Procedure
article 46C.103 allows the same expert to examine a defendant with regard to
both the insanity defense and competency to stand trial if the expert files
separate written reports.  Tex. Code Crim. Proc. Ann. art.
46C.103(a) (Vernon 2006).





[3]
          The
Court of Criminal Appeals has described the basic requirement of error
preservation:

 

                   The
standards of procedural default . . . are not to be implemented by splitting
hairs in the appellate courts.  As
regards specificity, all a party has to do to avoid the forfeiture of a
complaint on appeal is to let the trial judge know what he wants, why he thinks
himself entitled to it, and to do so clearly enough for the judge to understand
him at a time when the trial court is in a proper position to do something
about it.  Of course, when it seems from
context that a party failed effectively to communicate his desire, then reviewing
courts should not hesitate to hold that appellate complaints arising from the
event have been lost.  But otherwise,
they should reach the merits of those complaints without requiring that the
parties read some special script to make their wishes known.

 

Lankston v. State, 827 S.W.2d
907, 909 (Tex. Crim. App. 1992).