Opinion issued May 19,
2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01153-CR

———————————

Emran Wani, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 184th District
Court

Harris County, Texas



Trial Court Case No. 1137247

 



 

 

MEMORANDUM OPINION

 

          In March 2009, Emran Wani pleaded
guilty without an agreed recommendation to aggravated assault.[1]  Before punishment was assessed, Wani’s
counsel, on September 29, 2009, moved for a psychiatric examination to
determine competency and sanity, which the trial court granted. 
After receiving evaluations that
Wani was competent to stand trial and that he was sane at the time of the offense,
the trial court assessed punishment at five years’ imprisonment.  Wani brings a single issue, contending the
trial court erred in not conducting a competency hearing before accepting his guilty plea. 
We affirm.

          On
appeal, Wani points to a September 25, 2008 motion for continuance in which his
counsel requested additional time to investigate a “serious mental condition
the defendant may have.”  The trial court
granted that motion.  The only other item
in the record concerning Wani’s mental condition that was filemarked before the
court accepted Wani’s guilty plea is his counsel’s written representation that
“I believe that he is competent to stand trial.”

          Wani
further points to a September 10, 2008 report from his private psychiatrist
that contains a diagnosis of bipolar disorder and generalized anxiety
disorder.  Although there is no filemark
on that report, there is a note[2]
from the trial judge dated September 29, 2009, the same date the court granted
the motions for a psychiatric examination to determine competency and sanity.[3]  Wani suggests that this report may have been
filed before the March 2009 guilty plea, but there is no prima facie evidence
of the filing date on the report and no evidence adduced in the trial court
regarding when it was filed.

          Article
46B.004(c) states, “On suggestion that the defendant may be incompetent to
stand trial, the court shall determine by informal inquiry whether there is
some evidence from any source that would support a finding that the defendant
may be incompetent to stand trial.”  Tex. Code
Crim. Proc. Ann. art. 46B.004(c) (West 2006).  Neither Wani nor the State contends that the
trial court made an affirmative determination on the record as to whether some evidence existed to support a finding
that appellant was incompetent to plead guilty. 
Wani argues that this Court should reverse for failure to conduct a sua
sponte competency hearing before accepting his guilty plea, but does not point
to any place in the record where he asked the trial court to rule on his
competency.

          Texas
Rule of Appellate Procedure 33.1(a) requires as a prerequisite for appellate
review that the record show that:

          (1) the
complaint was made to the trial court by a timely request, objection, or motion
that:

                    (A) stated the grounds for the ruling
that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint, unless the specific
grounds were apparent from the context; and

                    (B) complied with the requirements of
the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or
Appellate Procedure; and

          (2)
the trial court:

                    (A) ruled on the request, objection,
or motion, either expressly or implicitly; or

                    (B) refused to rule on the request,
objection, or motion, and the complaining party objected to the refusal.

 

In this appeal, there is no request,
objection, or motion from Wani on which he has received a direct or indirect
adverse ruling concerning his competency to plead guilty.  We note that Wani’s September 29, 2009
motions for a psychiatric examination to determine competency and sanity did
not question his competency to plead guilty.

          What
Wani suggests, without citation to authority, is that the trial court had an
affirmative duty to conduct an inquiry into his competency, notwithstanding his
March 2009 agreement to plead guilty, based on the September 25, 2008 motion
for continuance and the September 10, 2008 psychiatric report (assuming that
report was in the court’s file at the time of the guilty plea).  Appellant does not argue under a Marin analysis that he cannot forfeit
any right he has to a competency evaluation. 
See Marin v. State, 851 S.W.2d 275, 278–80 (Tex. Crim. App. 1993) (discussing rights that can
be forfeited, rights that can be expressly waived, and rights that cannot be
waived), overruled in part by Cain v. State, 947 S.W.2d 262, 264 (Tex.
Crim. App. 1997).

          We
hold that error, if any, regarding Wani’s competency to plead guilty was not preserved.  See
Mapps v. State, No. 01‑09‑00565‑CR, slip op. at 6 (Tex. App.—Houston [1st Dist.] Nov. 18, 2010, no
pet.) (holding no preservation of alleged error to order on competency hearing
because defendant failed to object before proceeding to trial); Salahud‑din v. State, 206 S.W.3d
203, 208 (Tex. App.—Corpus Christi 2006, pet. ref’d) (same); Boitnott v. State, 48 S.W.3d 289, 293
(Tex. App.—Texarkana 2001, pet. ref’d) (holding no preservation of alleged
error when defendant did not object to trial court’s failure to make competency
determination); see also 42 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and
Procedure § 26.71a (2d
ed. Supp. 2009).  Accordingly, we
overrule appellant’s sole issue and affirm the judgment of the trial court. 

 

 

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

Do not
publish.  Tex. R. App. P. 47.2(b).











[1]        See Tex. Penal Code Ann. §§ 22.01(a)(2), .02(a)(2)
(West Supp. 2010).





[2]        “9‑29‑09 Clerk is ordered
to fax w/ competency exam order.  Judge
Krocker”

 





[3]        See Tex.
Code Crim. Proc. Ann. arts. 46B.001–.171 (West 2006 & Supp. 2010)
(competency); arts. 46C.001–.270 (West 2006) (sanity).  Code of Criminal Procedure article 46C.103
allows the same expert to examine a defendant with regard to both the insanity
defense and competency to stand trial if the expert files separate written
reports.  Tex. Code Crim. Proc. Ann. art. 46C.103(a) (West 2006).