**Affirmed and Majority and Dissenting Opinions filed August 15, 2023**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00536-CR

---

### DANSON TROTTI, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 1681046**

---

## OPINION

A jury convicted appellant Danson Trotti of continuous sexual abuse of a child and assessed punishment at thirty-five years' imprisonment. *See* Tex. Penal Code Ann. § 21.02(b). He appeals in two issues, contending that the trial court erred in (1) denying him a continuance or mistrial when he was absent from trial and (2) admitting evidence of an extraneous offense. We affirm.

# I. BACKGROUND

Appellant was indicted on July 1, 2020, for the offense of continuous sexual abuse of a child. He pleaded not guilty and proceeded to trial on July 14, 2021.

At trial, the evidence showed that when Loni[1] was nine years old, she, her brother, and her mother began living with appellant. After about six months, appellant married their mother, and he watched the children while she worked at night. Loni testified that appellant began sexual contact with her when she was between nine and ten years old, generally while she was asleep. It included appellant "rubbing his private parts" against her "private part" after moving her shorts and underwear aside, touching her vagina and buttocks inside her pants, putting his fingers in her vagina, and having sexual intercourse with her on two occasions. On one of these two occasions, she was sick and he gave her medicine that made her sleepy, and she dozed off. When she woke up, appellant was on top of her and his "private part" was inside of her. Loni testified the second occasion occurred in the morning while she was asleep, and when she woke up, appellant was inside of her. Even after appellant vowed not to do it anymore, Loni woke to him groping her. At age fourteen, she was exhibiting suicidal behavior and, after speaking with Loni, her mother learned of the abuse and called police.

The jury found appellant guilty of the offense as charged and assessed punishment at thirty-five years' confinement. This appeal followed.

## II. ABSENCE FROM TRIAL

In his first issue, appellant contends that the trial court erred in denying his motion for continuance and motion for mistrial when he was absent from trial,

---

[1] To protect the complainant's identity, we refer to her by the pseudonym "Loni." *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

including one day when he was hospitalized. Appellant argues that he had a constitutional right to be present throughout trial.

## A. Law

The Confrontation Clause to the Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI; *see also* Tex. Const. art. I, § 10. "One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." *Illinois v. Allen*, 397 U.S. 337, 338 (1970). However, "'[n]o doubt the privilege (of personally confronting witnesses) may be lost by consent or at times even by misconduct.'" *Id*. at 342–43 (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 106 (1934)). Accordingly, Texas law provides that a defendant must be personally present at the trial of a felony unless he "voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury . . . ." Tex. Code Crim. Proc. Ann. art. 33.03.

The trial court has the discretion to decide if a defendant's absence from court is voluntary. *See Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984); *Simon v. State*, 554 S.W.3d 257, 265 (Tex. App.—Houston [14th Dist.] 2018, no pet.). We review a trial court's determination that a defendant has voluntarily absented himself from trial under an abuse of discretion standard. *See Moore*, 670 S.W.2d at 261. The trial court abuses its discretion if its decision is arbitrary or unreasonable. *See Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).

## B. Evidence of Voluntary Absence

On the first day of trial, appellant began verbal outbursts as soon as his

lawyer announced ready for trial. Then, as the jury entered the courtroom and was seated, appellant spoke directly to the jury:

| | |
|---|---|
| [Appellant]: | I'm asking you all to not find me guilty on this because I didn't do it. |
| [Bailiff]: | Sir, no outburst in the court. |
| [Appellant]: | I did not do it, please. Please, I'm begging y'all. I didn't do this. |
| [Trial Court]: | Please be seated, everyone. Mr. Trotti,— |
| [Appellant]: | I did not do this. They want to put me away for life—25 years of my life. |
| [Trial Court]: | All right. Please take the jury out. |
| [Bailiff]: | All rise for the jury. |
| [Appellant]: | Please, do not do this. Please, I'm begging y'all. Please, I did not do this. Judge, Judge, please look at me . . . I did not do this . . . please, I'm begging you and the mercy of the Court. Sir, D.A.s, sir, I did not do this. |

After the jury exited, appellant's outburst continued in the presence of the trial court, the prosecutors, and his attorney:

| | |
|---|---|
| [Appellant]: | Please. |
| [Trial Court]: | You are only making this more difficult for yourself, sir. |
| [Appellant]: | But I didn't do this, ma'am. I don't know what's going on. |
| [Trial Court]: | Listen to me. Listen to me. |
| [Appellant]: | I'm listening to you. I don't know— |
| [Trial Court]: | Listen to me. Shut your mouth. |
| [Bailiff]: | Mr. Trotti, stop talking. Listen to what she has to say. That's it. Okay? So stop talking. |
| [Appellant]: | Why? |
| [Trial Court]: | Okay. I'm going to give you about two more |

4

|                 |                                                                                                                                                                                                                                                                   |
| --------------- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|                 | seconds or you're going to go back in the back. Do you want to be present for your trial or not? Because I have the authority to have you not be present for your trial.                                                                                              |
| [Appellant]:    | I don't care anymore because y'all are railroading me. I don't care because you're railroading me. And I do not believe in the State of Texas and what y'all are doing. He's working for y'all. He's paid for by y'all. And write this down, because he's paid by for y'all. And I'm not scared of y'all. |
| [Bailiff]:      | Sit down.                                                                                                                                                                                                                                                           |
| [Trial Court]:  | No. No. No.                                                                                                                                                                                                                                                         |
| [Bailiff]:      | Sir—                                                                                                                                                                                                                                                                |
| [Appellant]:    | I didn't do anything wrong. He is paid for by the State of to—to railroad me. And y'all are all in coercion against me.                                                                                                                                             |
| [Trial Court]:  | Mr. Trotti—                                                                                                                                                                                                                                                         |
| [Appellant]:    | You're in coercion against me—                                                                                                                                                                                                                                      |
| [Trial Court]:  | Mr. Trotti—                                                                                                                                                                                                                                                         |
| [Appellant]:    | You're not—I don't understand your laws or whatever is going on, but I know it's wrong. It's wrong. It's biblically wrong.                                                                                                                                           |
| [Trial Court]:  | Mr. Trotti, do you want to be here for your trial or not?                                                                                                                                                                                                           |
| [Appellant]:    | No, I do not care what you do. I am not—no, because I'm not ready for this because y'all want to put me away for life for something I didn't do—                                                                                                                     |
| [Trial Court]:  | Okay. Mr. Trotti, look at me.                                                                                                                                                                                                                                       |
| [Appellant]:    | —and I don't understand that.                                                                                                                                                                                                                                       |
| [Trial Court]:  | Look at me, I need you to take a deep breath.                                                                                                                                                                                                                       |
| [Appellant]:    | No. This is the rest of my life.                                                                                                                                                                                                                                    |
| [Trial Court]:  | I get it.                                                                                                                                                                                                                                                           |
| [Appellant]:    | You don't get it. It's the rest of my life, not yours.                                                                                                                                                                                                              |

5

| [Trial Court]: | Let me ask you this— |
| [Appellant]: | You're a judge sitting on the podium. I'm trying to regain my whole life. |
| [Trial Court]: | Okay. Let me ask you this: You in these next few minutes are about to make a decision that will decide for the rest of your life. Do you really want to do that? |
| [Appellant]: | Yes, I do. |
| [Trial Court]: | I know, but right now—I get that you're upset. |
| [Appellant]: | No. I have nothing else to say. I'm ready to go back. |
| [Trial Court]: | Okay. Listen— |
| [Appellant]: | I have nothing else to say. I'm ready to go back. |

The trial court then removed appellant from the courtroom to a holding cell where he could watch and listen to the proceedings by computer.

Early the next morning, before the anticipated second day of trial, detention officers found appellant in his jail bed with a self-inflicted injury to his throat. The detention officers took him to the clinic, where he was found with a razor on his person. Appellant was transported to Ben Taub Hospital, received treatment in the emergency room for a single stab wound to the left side of his neck, and was admitted to the hospital. Because appellant was at the hospital, and was not present at the courthouse for trial, appellant's counsel requested a mistrial based on appellant's constitutional right to confront the witnesses against him. *See Scott v. State*, 555 S.W.3d 116, 126 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). The trial court denied the motion for mistrial and instead recessed the trial for eight days.

On Friday, July 23, 2021, the trial court re-convened and, without the jury present, held a hearing on appellant's motion for continuance and motion for mistrial. At the hearing, six exhibits offered by the State were admitted without

objection by appellant: a forensic psychological evaluation from the Competency and Sanity Evaluation Unit by licensed psychologists, who found appellant competent to stand trial; four audio recordings of recent jail telephone calls between appellant and his family members; and the Harris County Sheriff's Office incident report which notated appellant's jail cell injuries as "possible suicide attempt" and "self-inflicted." In particular, in a telephone call with his mother the night after jury selection, appellant and his mother discussed resetting the trial to "dig up more evidence." The State argued that the evidence showed appellant was delaying trial in "the best way that he can," averring that the jail call between appellant and his mother showed appellant was attempting to delay trial; that appellant's mother approached Loni at home the day after jury selection; that appellant refused to be present on the first day of testimony; and that his injury was self-inflicted.

> At the conclusion of the hearing, the trial court made a ruling:

> Based on the information that the Court has been provided and considering the circumstances which appellant articulated to the court during trial and after speaking with the doctor, and the records, the Court makes a finding under Texas Code of Criminal Procedure Article 33.03 that the defendant has voluntarily absented himself from the trial again.

The trial court then denied appellant's motion for continuance and motion for mistrial and proceeded with the trial.

By Monday, July 26, appellant had been discharged from the hospital. Before trial began that day, the trial court asked the bailiff to bring appellant into the courtroom. The bailiff informed the court, "Unfortunately, ma'am, he refused to come up from the jail." Similarly, on July 27, the last day of trial, appellant was absent. The bailiff informed the trial court, "I called again this morning. The inmate did not come up. . . . [The detention officer] said the inmate refused to

come up. I asked is it medically [sic]. No, it's just he refused."

## C. Analysis

Appellant argues that his behavior on the first day of trial was not so continuously nonresponsive and disruptive to warrant his physical exclusion from the courtroom. He reasons that he addressed the jury out of turn only one time and that the trial court did not meaningfully explain his options.

A criminal defendant may lose the right to be present at trial if he continues his disruptive, disorderly, or disrespectful behavior after the judge has warned him that he will be removed. *Ramirez v. State*, 76 S.W.3d 121, 129 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). Rather than only one outburst, the record reflects that appellant continuously spoke out from the moment his attorney announced ready for trial, through the attempt to seat the jury, and after. Appellant suggests that the trial court was terse, but the record reflects that the trial court was also calming, telling appellant "I need you to take a deep breath." Despite the trial court's efforts, appellant himself insisted on leaving the courtroom. *See*, *e.g.*, *Burks v. State*, 792 S.W.2d 835, 836–37 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) (concluding no error where, in part, defendant was removed from trial after demanding "you can hold me back in the holding cell and hold it without me"). Because appellant consented to absenting himself from trial, the trial court did not abuse its discretion in removing appellant from the courtroom on the first day of trial.

Next, appellant argues there is evidence he was not voluntarily absent from trial while hospitalized. He contends it is not unequivocally clear that his injury was self-inflicted rather than the result of an attack upon him in jail. A defendant may be considered voluntarily absent from trial when he is not in the courtroom because he has chosen to attempt suicide. *See Bottom v. State*, 860 S.W.2d 266,

8

267 (Tex. App.—Fort Worth 1993, no pet.); *see also Maines v. State*, 170 S.W.3d 149, 150 (Tex. App.—Eastland 2005, no pet.) (involving defendant's intentional disabling of himself); *Heard v. State*, 887 S.W.2d 94, 98–99 (Tex. App.— Texarkana 1994, pet. ref'd) (involving self-induced intoxication). The trial court reviewed the incident report from the Harris County Sheriff's Office. The report summarizes appellant's injury as both a "possible suicide attempt" and a "self-inflicted event." The report states that detention officers searched his cell and his cellmates for contraband. The only weapon mentioned is the razor found on appellant's person. Appellant's cellmates were also checked for marks or cuts on their hands. The only injuries or marks mentioned were appellant's own wounds. From this evidence, the trial court could reasonably find that appellant inflicted harm on himself, rather than suffered an attack. We conclude the trial court did not abuse its discretion when it found he had voluntarily absented himself from trial through self-harm. *See Bottom*, 860 S.W.2d at 267.

Additionally, when reviewing a decision regarding voluntary absence, an appellate court is not restricted to review of the evidence before the trial court at the time of the ruling. *Moore*, 670 S.W.2d at 261. Instead, the court can also consider evidence that develops afterward: "In most instances, the validity of a trial court's decision that a defendant's absence was voluntary will have to be determined in hindsight." *Id*. The record includes the final competency evaluation that further describes appellant's behavior in the hospital. When court matters were raised with him, appellant simply whimpered, kept his eyes shut, and refused to respond. But shortly after, his behavior was a "complete one-eighty"; he was responsive and communicated normally with others. This evidence supports the trial court's ruling that appellant was voluntarily refusing to participate in trial.[2]

---

[2] The dissent, while acknowledging that the appellant did not raise the issue of competency on appeal, concludes "the trial court had a duty" under Texas Code of Criminal Procedure article 46B.005(b)

The final competency evaluation also details appellant's previous suicidal ideation, occurring around the time charges were filed; his self-reported suicide attempt by overdosing on muscle relaxant medication after his wife filed for divorce; and his admission to the hospital during trial for a "self-inflicted stab wound to the left anterior neck." Even after his hospital discharge, appellant continued to refuse to attend his trial. Appellant offered no evidence that his absence was anything other than voluntary.

We overrule appellant's first issue.

### III. EVIDENCE OF PRIOR OFFENSE

In his second issue, appellant contends that the trial court erred in permitting evidence of an extraneous sex offense without conducting a balancing test under Texas Rule of Evidence 403.

Generally, the State cannot provide evidence of prior crimes or wrongdoing

---

to hold a competency trial. We disagree. As my learned colleague noted in *Braggs v. State*, issues must be substantively briefed for appellate courts to consider alleged error and even "[c]onstitutional rights . . . may be waived by failing to object in the trial court." No. 14-17-00674-CR, 2019 WL 3783422, at *3 (Tex. App.—Houston [14th Dist.] Aug. 13, 2019, pet ref'd) (mem. op., not designated for publication); *accord Zermeno v. State*, No. 14-19-00789-CR, 2021 WL 4472528, at *6 (Tex. App.—Houston [14th Dist.] Sept. 30, 2021, no pet.) (mem. op., not designated for publication) (Spain, J., concurring) (noting "appellant's brief does not present any argument addressing why the inclusion of the law of parties in the jury charge was error"); *see also Bonner v. State*, 520 S.W.2d 901, 906 (Tex. Crim. App. 1975) (holding that even if the evidence sufficiently raised the need for a competency hearing, appellant could not wait to raise the issue on appeal); *Mapps v. State*, 336 S.W.3d 700, 703 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (absent an objection, the appellant cannot raise lack of a competency hearing on appeal). Further, the trial court made a ruling on the record:

> All right. So based on the information that the Court has been provided and considering the circumstances from which the defendant has articulated to the Court both during trial and after speaking with the doctor and the records, the Court makes a finding under the Code of Criminal Procedure Article 33.03 that the defendant has voluntarily absented himself from the trial again.

Additionally, a formal competency trial is not required unless three factors are established during the trial court's informal inquiry: (1) there is some evidence reflecting a defendant suffers some degree of debilitating mental illness; (2) the defendant obstinately refuses to cooperate with counsel to his own apparent detriment; and (3) his mental illness is what fuels his obstinacy. *See Turner v. State*, 422 S.W.3d 676, 696 (Tex. Crim. App. 2014).

to show that the defendant "acted in accordance with that character" or had a propensity to commit the crime. *See* Tex. R. Evid. 404(b). "In the context of sexual assault of a child, a different rule applies to recognize that '[t]he special circumstances surrounding the sexual assault of a child victim outweigh normal concerns associated with evidence of extraneous acts.'" *Alvarez v. State*, 491 S.W.3d 362, 367 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Jenkins v. State*, 993 S.W.2d 133, 136 (Tex. App.—Tyler 1999, pet. ref'd)). The State is permitted to provide evidence of other children that the defendant has sexually assaulted "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." Tex. Code Crim. Proc. Ann. art. 38.37, § 2(b).

When evidence of a defendant's extraneous acts is relevant under article 38.37, the trial court is required to conduct a Rule 403 balancing test upon proper objection or request. *Distefano v. State*, 532 S.W.3d 25, 31 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. To analyze evidence under Rule 403, a trial court balances:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). In overruling a Rule 403 objection, a trial court is presumed to have performed a Rule 403 balancing test and determined the evidence was admissible. *Distefano*, 532

11

S.W.3d at 31. Rule 403 does not require the trial court to perform the balancing test on the record. *Id.* We review the trial court's decision to admit such evidence for an abuse of discretion. *See Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007).

The trial court conducted two hearings outside the jury's presence about the State's intent to offer the testimony of Tammy, against whom appellant had committed aggravated sexual assault of a child twelve years earlier. The State argued that appellant's prior conduct with Tammy showed his propensity to sexually assault children. The State also argued Tammy's testimony should be admitted because it was otherwise a "he said/she said" case.[3] Appellant objected and argued that Tammy's testimony should be excluded "because it is basically the same crime." The trial court allowed Tammy's testimony but excluded evidence that appellant had pleaded guilty to the prior offense and received deferred adjudication. The trial court also gave the jury a limiting instruction.[4]

Tammy's testimony showed similarities to details from Loni's testimony: their mothers had been domestic partners with appellant; appellant lived with the children of each domestic partner; and he babysat both Tammy and Loni when their mothers worked nights. Moreover, they had both experienced similar

---

[3] *See Alvarez v. State*, 491 S.W.3d 362, 371 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (explaining that when victim's testimony is the only direct evidence of sexual assault of a child, and if the defendant impeaches the victim's credibility, it becomes a "he said, she said" case). During his case in chief, appellant asked Loni's mother whether Loni had lied to her or to persons at school.

[4] "So you all are instructed that if any of the following evidence concerning an alleged offense against a child under the age of 17 other than the complainant alleged in the indictment, such offense or offenses, if any, may be considered by you if you believe beyond a reasonable doubt that the defendant committed such other offense or offenses, if any, then you may consider said evidence for the bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant. Okay. So that is what the following testimony shall be considered [sic] and only for that purpose. Does everybody understand that instruction? Okay."

instances of sexual contact from appellant, such as him sliding their underwear to the side; touching both girls when they were asleep; and medicating both complainants before initiating illegal conduct with them. These similarities demonstrate probative force and permit the sort of character-conformity inference that article 38.37 allows. *See Distefano*, 532 S.W.3d at 32.

As argued by the State, without Tammy's testimony, the case against appellant was a "he said, she said" case, *see Alvarez*, 491 S.W.3d at 371, and the jury had witnessed appellant's emotional outburst denying his guilt. Although appellant argues that the State emphasized Tammy's testimony in closing arguments, the trial court's limiting instruction minimized the risk that the jury would give undue weight to Tammy's testimony. *See James v. State*, 623 S.W.3d 544, 549 (Tex. App.—Fort Worth 2021, no pet.). Further, Tammy's testimony comprised only fifteen percent of the entire trial testimony. *See Distefano*, 532 S.W.3d at 34. To the extent appellant also argues that the offense against Tammy was remote in time, remoteness is but one aspect the trial court considers in a Rule 403 analysis. *See West v. State*, 554 S.W.3d 234, 240-41 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Courts have concluded that acts of child molestation occurring twenty-nine to thirty years in the past may be admissible in the face of a Rule 403 objection. *See id.* Appellant has not otherwise identified particular facts from Tammy's testimony that make the evidence uniquely or unfairly prejudicial. *See Alvarez*, 491 S.W.3d at 371. In sum, we conclude that the trial court did not abuse its discretion in overruling appellant's Rule 403 objection. We overrule appellant's second issue.

## IV. CONCLUSION

Having overruled appellant's issues, we affirm the trial court's judgment.


/s/ Margaret "Meg" Poissant
Justice


Panel consists of Justices Spain, Poissant, and Wilson. (Spain, J., dissenting)

Publish — TEX. R. APP. P. 47.2(b).

14