**Opinion issued March 17, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00915-CR

————————————

**EDWIN ALVAREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 11-DCR-058577A**

---

## O P I N I O N

Edwin Alvarez appeals his conviction of sexual assault of a 14-year old

child,[1] Cathy,[2] arguing that the trial court erred by allowing the State to proffer

---

[1]    TEX. PENAL CODE ANN. § 21.02(b)(2) (West Supp. 2015).

[2]    To protect her privacy, we identify the complainant by a pseudonym.

testimony of two witnesses who alleged that Alvarez had sexually assaulted them as children. The State offered their testimony under Article 38.37 §2(b) of the Texas Code of Criminal Procedure. Alvarez contends that Article 38.37 is unconstitutional. He further contends that, if constitutional, the testimony should have been excluded under Rule 403 of the Texas Rules of Evidence. We affirm.

## Background

Alvarez was a "close family friend" of Cathy's aunt. He grew up with the aunt, and she considered him to be like a brother. Cathy lived with her aunt. Alvarez lived with his long-term girlfriend and her two minor nieces.

Alvarez often had Cathy over to his house to socialize with his girlfriend's nieces. Even after Alvarez and his girlfriend broke up and Alvarez moved away, he would arrange for the three girls—none of whom he was related to—to come to his house for sleepovers.

According to Cathy's trial testimony, one night, Alvarez went to Cathy's house, woke her up, and took her to his house, telling her that the other two girls would be there. They were not. Alvarez took Cathy to his room and sexually assaulted her.

In August 2013, Alvarez was tried for sexual assault of Cathy, but the trial resulted in a hung jury. There was a subsequent change in the law when the Texas Legislature passed Senate Bill 12, now codified as Article 38.37, which became

2

effective September 1, 2013. TEX. CODE CRIM. PROC. ANN. art. 38.37 (West Supp. 2015); *see* Tex. S.B. 12, 83rd Leg., R.S. (2013). This law allowed the State, in a criminal trial for sexual assault of a child, to present evidence that the defendant had sexually assaulted other children. TEX. CODE CRIM. PROC. ANN. art. 38.37 §2(b). Accordingly, the State filed a pre-trial motion to admit evidence in Alvarez's second trial for the sexual assault of Cathy that Alvarez had previously sexually assaulted his girlfriend's two nieces.

At the hearing required by Article 38.37 to determine whether to admit the nieces' testimony, Alvarez objected that (1) the testimony was unfairly prejudicial and thus should be barred by Texas Rule of Evidence 403 and (2) the statute should not be applied to his case because "it's an [ex post] facto retroactive application of the law to offenses that were created or committed before the effective date of the act . . . ." The trial court requested that the parties brief the objections Alvarez raised.

In his pre-trial brief, Alvarez argued that (1) Rule 403 barred the nieces' testimony and (2) allowing the evidence under Article 38.37 "was prohibited under the Ex Post Facto Clause" of the U.S. Constitution. The trial court overruled his objections and held that the evidence of Alvarez's sexual assaults of the nieces was admissible.

Before any evidence of Alvarez's alleged sexual assaults of the nieces was presented at trial, Alvarez again objected on the grounds that Article 38.37 "is unconstitutional and violates the ex post facto laws" and the evidence is inadmissible under Rule 403. The objections were again overruled.

One of the nieces then testified that Alvarez sexually assaulted her when she was 11 or 12. She testified that Alvarez "frequently . . . [t]ouched me in inappropriate places." He would ask her to go into his room, and when she did, they would engage in "[s]exual intercourse." She testified that this occurred on numerous occasions: "more than I can even count."

The second niece testified that Alvarez sexually assaulted her when she was 13. She testified that he "would come into her room at night and began basically feeling on me while I'm asleep." He touched her breasts and vagina. She described in detail that Alvarez had "sexual intercourse" with her.

The jury found Alvarez guilty of sexual assault of Cathy and sentenced him to 20 years in jail. Alvarez appeals his conviction.

**Statutory Background**

Typically, the State cannot provide evidence of prior "crime[s], wrong[s], or other act[s]" to show that the defendant "acted in accordance with that character" or had a propensity to commit the crime. TEX. R. EVID. 404(b). In the context of sexual assault of a child, a different rule applies to recognize that "[t]he special

4

circumstances surrounding the sexual assault of a child victim outweigh normal concerns associated with evidence of extraneous acts." *Jenkins v. State*, 993 S.W.2d 133, 136 (Tex. App.—Tyler 1999, pet. ref'd). Under Article 38.37, the State is allowed to provide evidence of other children who the defendant has sexually assaulted "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37 §2(b).

Before such evidence is admitted, however, the defendant is protected by "numerous procedural safeguards." *Harris v. State*, 475 S.W.3d 395, 402 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). First, the State must give the defendant 30 days' notice of its intent to introduce the evidence. TEX. CODE CRIM. PROC. ANN. art. 38.37 § 3 (West Supp. 2015). Second, the trial court must "conduct a hearing out of the jury's presence to determine that the evidence likely to be admitted will support a jury finding that the defendant committed the separate offense beyond a reasonable doubt." *Belcher v. State*, 474 S.W.3d 840, 847 (Tex. App.—Tyler 2015, no pet.). These procedural safeguards were satisfied here.

On appeal, Alvarez contends that Article 38.37 violates his constitutional right to due process. He argues that it causes him to be tried for actions other than for the offense charged, thereby infringing on his "presumption of innocence and lessens the State's burden of proof."

## Preservation of Error on Due-Process Claim

The State argues that Alvarez did not preserve his due process claims. "In briefing his first point of error, [Alvarez] provides no citation to the record to show that the arguments he makes on appeal were presented to the trial court."

For a party to preserve an issue for appeal, it must make a timely, specific objection on the alleged error and obtain a ruling. *See* TEX. R. APP. P. 33.1(a). Even a potential constitutional violation can be waived if the party fails to object at trial. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

Preserving error is not a technical exercise that requires the party to meet a certain formula; instead, "[s]traightforward communication in plain English will always suffice." *Lankston v. State*, 827 S.W.2d 907, 908–09 (Tex. Crim. App. 1992). The party's communication must (1) tell the trial judge what the party wants, (2) inform the judge why the party is entitled to that relief, and (3) be clear enough so that the judge understands the party's position in time for the judge to correct the error. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005); *Lankston*, 827 S.W.2d at 909. To meet these requirements, the party must "state[] the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A).

Constitutional challenges to statutes, including facial challenges, must be preserved in the trial court and cannot be raised for the first time on appeal. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *Sutton v. State*, 469 S.W.3d 607, 614–15 (Tex. App.—Beaumont 2015, pet. granted). To preserve a constitutional issue, the party challenging the constitutionality of the statute must identify the provision of the constitution that the statute violates. *See Lovill v. State*, 319 S.W.3d 687, 692–93 (Tex. Crim. App. 2009).

For example, in *Lovill*, the defendant failed to preserve her equal–protection argument that the district attorney would not have moved to revoke her community supervision if she had not been pregnant. *Id.* at 692. The defendant never mentioned that her right to equal protection was violated or cited the Equal Protection Clause. *Id.* Thus, she did not preserve her constitutional issue for appeal. *Id.* at 693.

Likewise, in *Green v. State*, the defendant failed to preserve his constitutional challenge to Texas's death penalty schemes. 912 S.W.2d 189, 194 (Tex. Crim. App. 1995). At trial, the defendant argued that the schemes were unconstitutional because they do "not properly narrow the class of persons eligible for the ultimate punishment." *Id.* On appeal, the defendant again challenged the constitutionality of the death penalty scheme but changed his unconstitutionality argument to assert that "it fails to direct the sentencer's discretion to include

consideration of circumstances of the offense in any *meaningful* manner." *Id.* The Court of Criminal Appeals held that the defendant was precluded from making those new arguments on appeal. *Id.* at 195.

These general principles were applied by the Waco court of appeals in concluding that a defendant did not preserve his constitutional challenge to Article 38.37. *Brinegar v. State*, No. 10-14-00195-CR, 2015 WL 6777445, at *3 (Tex. App.—Waco Nov. 5, 2015, no pet.) (mem. op., not designated for publication). In *Brinegar*, the defendant objected to the relevant testimony by telling the trial judge that the testimony "violates the Defendant's constitutional rights, and I would ask that the Court exclude the statement." *Id.* This statement was "plainly not specific" because, generally speaking, "the complaining party should invoke the controlling federal and state constitutional provisions or use key legal phrases to ensure that the trial judge is informed of the particular complaint." *Id.* If a party, like the defendant in *Brinegar*, challenges the constitutionality of a statute, the party should "specify what laws or constitutional provisions are implicated." *Id.*

Similarly, Alvarez's only constitutional objection to the nieces' testimony was that the statute allowing their testimony "is unconstitutional and violates the ex post facto laws."[3] The objection is "plainly not specific" as to any due–process

---

[3]     The ex post facto clause of both the United States and Texas Constitutions prevents the Legislature from passing "laws, after a fact done by a subject, or citizen, which shall have relation to such fact, and shall punish him for having

challenge. *See id.* He made this general "unconstitutional" and "ex post facto" argument at the statutorily-required hearing and in his brief to the trial court after that hearing. He made a similar, general "unconstitutional" and "ex post facto" objection at trial. An objection that the law is "unconstitutional" does not allow the judge to understand the party's legal argument and thus avoid any error. *See Reyna*, 168 S.W.3d at 179; *Lankston*, 827 S.W.2d at 909.

On appeal, Alvarez makes a new argument. He argues that Article 38.37 violates his "right to due process" by "causing him to be tried not only for the offense charged[,] infringes on [his] presumption of innocence, and lessens the State's burden of proof." He continues that "the statute permits the jury to assume the defendant is guilty of the charged offense simply because he allegedly committed other similar acts . . . ." Alvarez made none of these arguments or similar arguments at trial. Nor did he mention the due process clause or the right to due process. Even if he did not specifically invoke the right to due process,

_____

done it." *Ex parte Heilman*, 456 S.W.3d 159, 163 (Tex. Crim. App. 2015) (quoting *Calder v. Bull*, 3 U.S. 386, 390 (1798)). Alvarez argued in the trial court that, because Article 38.37 was enacted after he committed the alleged crimes, applying that evidentiary rule violated the ex post facto clause. But "[h]ere, the question is the admissibility of the evidence . . . [t]he statute does not lower the quantum of proof required for conviction. . . . [It] enlarges the scope of the child's admissible testimony, but leaves untouched the amount or degree of proof required for conviction." *McCulloch v. State*, 39 S.W.3d 678, 684 (Tex. App.—Beaumont 2001, pet. ref'd). Thus, applying Article 38.37 does not implicate ex post facto concerns. *Id.*

Alvarez should have, at a minimum, informed the trial court that he was making these types of arguments against Article 38.37. *See Lovill*, 319 S.W.3d at 693.

There is one exception to the requirement that a party raise his constitutional challenge at trial. "An unconstitutional statute is void from its inception" and thus "when a statute is adjudged to be unconstitutional, it is as if it had never been . . . . [S]uch an unconstitutional statute is stillborn." *Smith v. State*, 463 S.W.3d 890, 895 (Tex. Crim. App. 2015). This rule allows a defendant to raise a constitutional challenge to a statute for the first time on appeal if that statute "has already been held void." *Id.* at 896; *see Schuster v. State*, 435 S.W.3d 362, 367 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (holding defendant did not need to object to due–process violation at trial because statute he was convicted under had been declared unconstitutional before appeal). But if the statute "had not yet been declared void" by an appellate court before a determination of the defendant's appeal, an appellate court will not review the case unless the defendant first objected at trial. *Smith*, 463 S.W.3d at 895 (citing *Karanev*, 281 S.W.3d at 434); *Lebo v. State*, 474 S.W.3d 402, 403 (Tex. App.—San Antonio 2015, pet. ref'd) (noting that *Smith* only applies when statute has been declared unconstitutional during pendency of appeal on different issue in court of appeals).

This exception does not apply here. First, Alvarez does not challenge the constitutionality of the statute under which he was convicted—only an evidentiary

rule that he argues contributed to his conviction. Thus, this challenge does not fall within the *Smith* exception. Second, even if we were to expand the scope of *Smith* to extend to evidentiary rules that allowed evidence to be admitted at trial, we have not previously held that Article 38.37 is unconstitutional. Nor does Alvarez cite to any authority holding that statute unconstitutional. Instead, the only cases that the parties have pointed to, and that we have found through our own research, addressing the constitutionality of Article 38.37 have held that it is constitutional. *See Harris*, 475 S.W.3d at 402 (holding Article 38.37 is constitutional because defendant's rights are "protected by the numerous procedural safeguards provided in the statute"); *Belcher*, 474 S.W.3d at 847 (following federal cases holding comparable federal rules do not violate due process to hold that Article 38.37 is "more narrowly drawn" than federal rules and adequately protects defendant's constitutional rights).

Because Alvarez did not preserve this issue and the *Smith* exception does not apply to his arguments, we conclude that he waived any due-process challenge to Article 38.37.

## Rule 403

Alvarez next argues that "[e]ven if extraneous evidence is admissible under Article 38.37, such admission must yield to Texas Rule of Evidence 403. . . . The trial court erred in admitting the testimony of [the nieces] because its probative

value was substantially outweighed by danger of unfair prejudice." The evidence was unfairly prejudicial, he argues, because it "provided an avenue for the jury to conclude that [Alvarez] committed the charged offense in conformity with his character."

A court of appeals reviews a trial court's decision to admit or not admit evidence for an abuse of discretion. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). "In other words, as long as the trial court's decision was within the zone of reasonable disagreement and was correct under any theory of law applicable to the case, it must be upheld." *Id.* We apply this deferential standard "because trial courts are usually in the best position to make the call on whether certain evidence should be admitted or excluded." *Id.* (internal quotation marks and ellipses omitted).

Texas Rule of Evidence 403 provides that otherwise relevant and admissible evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. Article 38.37 neither explicitly requires that the Rule 403 balancing test be applied or prohibits the trial court from applying that test. The State does not argue that the Rule 403 balancing test does not apply to evidence

admissible under Article 38.37, therefore, we will assume (without deciding) that it does.

Applying the Rule 403 balancing test does not permit "a trial court to exclude otherwise relevant evidence when that evidence is merely prejudicial." *Bradshaw v. State*, 466 S.W.3d 875, 481 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013)). The rule "should be used sparingly," only when the prejudicial effects substantially outweigh the probative nature of the evidence. *Id.* (quoting *Hammer v. State*, 296 S.W.3d 555, 562 (Tex. Crim. App. 2009)). In determining whether the prejudicial effects substantially outweigh the probative nature of the evidence, the trial court must consider four factors: (1) "how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable"; (2) the potential of the evidence "to impress the jury in some irrational but nevertheless indelible way"; (3) "the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense"; and (4) the force of the proponent's need for this evidence to prove a fact of consequence . . . . " *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999). Alvarez argues that the nieces' testimony fails all four prongs.

*Belcher v. State* dealt with testimony admitted under Article 38.37. 475 S.W.3d 840. In that case, the defendant argued that the evidence of his prior sexual

abuse of other children was highly prejudicial. *Id.* at 848. Like in this case, the only evidence in *Belcher* directly showing that the defendant sexually assaulted the child was the child's testimony. *Id.* Because the evidence of prior sexual abuse of children "was especially probative of Appellant's propensity to sexually assault children," the Rule 403 balancing test normally will not favor the exclusion of evidence of the defendant's prior sexual assaults of children. *Id.* Alvarez does not present any counter-authority that evidence of past sexual abuse proffered to show that a defendant committed the charged offense in conformity with his character fails the Rule 403 balancing test.

Alvarez argues that the testimony offered against him "is unfairly prejudicial for the very reason the statute—and the documented legislative history—allows for its admissibility," namely that sexual assault of a child is a highly offensive crime. *Bradshaw*, 466 S.W.3d at 884. The statute itself recognizes that evidence of children whom the defendant has previously sexually assaulted is "by definition, propensity, or character evidence." *Id.*

The reason for the particular rules excluding character evidence is not that such evidence is irrelevant because it is not probative of a fact of consequence (the first *Mozon* factor). It is often relevant and therefore otherwise admissible. Nor is it that character evidence is an "irrational" basis for determining a person's conduct. Character evidence "offered to prove conduct or a state of mind conforming to that

14

character is logically relevant. . . . [A] person's conduct on one occasion would be thought by most persons to be presumptively probative on the issue of her disputed behavior on another." 1 GOODE, WELLBORN AND SHARLOT, TEXAS PRACTICE SERIES: GUIDE TO THE TEXAS RULES OF EVIDENCE § 404.2 (3d ed. 2002).

This is true here. Without the evidence of the other children that Alvarez abused, "this becomes a 'he said, she said' case." *Bradshaw*, 466 S.W.3d at 884. The State had only the victim's testimony. It appears that Alvarez's trial strategy was to turn this case into a "he said, she said" case and impeach Cathy by accusing her of "some lies." Alvarez's other sexual assaults were relevant to Cathy's credibility and therefore were prejudicial to Alvarez.

But they were not unfairly prejudicial. Alvarez does not identify any particular facts about the two other sexual assaults that make them uniquely or unfairly prejudicial. Following the reasoning of *Belcher* and *Bradshaw* and the text of Rule 403, we hold that Alvarez has not demonstrated that the trial court abused its discretion in overruling Alvarez's objection to his girlfriend's nieces' testimony. We, therefore, overrule Alvarez's second issue.

## Conclusion

We affirm the judgment of the trial court.

Harvey Brown  
Justice

Panel consists of Justices Radack, Massengale, and Brown.

Publish.  TEX. R. APP. P. 47.2(b).