

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00064-CR

**CHANCE TYLER BIGGERS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F50019

## MEMORANDUM  OPINION

The jury convicted Chance Biggers of the offense of aggravated sexual assault of a

child and assessed punishment at 60 years confinement and a $10,000 fine.  We affirm.

### Background Facts

Appellant was living in a motel room with Evelyn Smith and their infant daughter.

Evelyn's two children, A.R. and J.C. also lived with them in the motel.  On March 15,

2015, A.R. told Evelyn that earlier that day Appellant had asked A.R. to lick his "pee pee"

and that Appellant pulled her pants down and put her on top of him and rubbed his fingers on her. A.R. told Evelyn Appellant rubbed on her with his private and that "white stuff" came out. Evelyn confronted Appellant with the allegations, and Appellant said that A.R. was lying.

Evelyn left the motel with her children and later took A.R. to Cook Children's Medical Center. Theresa Fugate stated that she is with the Cook Children's CARE team and that she treated A.R. Fugate testified that A.R. told her Appellant showed her a video of her mom licking Appellant's "pee pee" and Appellant licking her mom's "pee pee". Appellant then had A.R. lick his "pee pee", and he licked her "pee pee". A.R. said that Appellant took off their clothes and put A.R. on top of him and that his "pee pee" touched her "pee pee" and "white stuff" came out. A.R. also said that Appellant put his finger in her "pee pee". Fugate testified that A.R. had bruises on her hips, a lot of redness in her genital area, and abrasions in her perineal area. Fugate stated that the injuries were consistent with the information A.R. provided.

Farah Plopper, a DNA analyst at the University of North Texas Center for Human Identification, testified that she performed a DNA analysis on A.R.'s panties and on samples taken from A.R.'s body. Plopper stated that Appellant could not be excluded from DNA found on A.R.'s panties and also on her genital area.

### Outcry Testimony

In the first issue, Appellant argues that the trial court erred in admitting the outcry testimony of Evelyn Smith because the State failed to give the required notice of the

statement prior to trial. In the second issue, Appellant argues that the trial court erred in admitting the outcry testimony of Evelyn Smith because the notice provided by the State indicated the outcry was made at the motel and statements were given at different times and different places.

Article 38.072 of the Texas Code of Criminal Procedure creates a statutory exception to the hearsay rule for outcry witnesses of certain offenses. *See* TEX. CODE CRIM. PROC. ANN. 38.072 (West Supp. 2016). Section 38.072 provides:

> (b) A statement that meets the requirements of Subsection (a) is not inadmissible because of the hearsay rule if:
>
> (1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:
>
> (A) notifies the adverse party of its intention to do so;
>
> (B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and
>
> (C) provides the adverse party with a written summary of the statement;
>
> (2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and
>
> (3) the child or person with a disability testifies or is available to testify at the proceeding in court or in any other manner provided by law.

TEX. CODE CRIM. PROC. ANN. 38.072 § 2 (West Supp. 2016).

On January 29, 2016, the State filed its Notice to Adverse Party of Intent to Use Hearsay Statement. The notice provided that the State would call Evelyn Smith, who was

Biggers v. State                                                                                                    Page 3

the first person eighteen years of age or older to whom the child made a statement about the offense, as a witness. The notice provided the following summary of Evelyn's testimony:

> On or about March 15, 2015, at a Motel 6, room 314, in Cleburne, Johnson County Texas, an [A.R.] told Evelyn Smith [A.R.'s mother] that Chance Tyler Biggers showed [A.R.] a video from Chance Tyler Biggers' phone that showed Evelyn Smith and Chance Tyler Biggers having oral sex with each other. [A.R.]then stated to Evelyn Smith that Chance Tyler Biggers told [A.R.] to enter the bathroom with him at the Motel 6 in Cleburne. [A.R.] was then asked by Chance Tyler Biggers to put her mouth on his penis. Chance Tyler Biggers then placed his finger into [A.R.'s] vagina at which time [A.R.] stated to Evelyn Smith that this caused her pain. [A.R.] then stated to Evelyn Smith that Chance Tyler Biggers forced her to take her panties off and Chance Tyler Biggers caused [A.R.] to lay on top of him causing Chance Tyler Biggers' penis to come into contact with [A.R.'s] vagina. [A.R.] then stated to Evelyn Smith that she saw white stuff coming out of Chance Tyler Biggers' penis and he wiped it off with a hand towel. [A.R.] then told Evelyn Smith that Chance Tyler Biggers had done this same sexual contact on other previous occasions when they lived in a trailer home in Cleburne, Johnson County, Texas.

We review the trial court's decision to admit testimony from an outcry witness for an abuse of discretion. *Owens v. State*, 381 S.W.3d 696, 703 (Tex.App.-Texarkana 2012, no pet.). We will not reverse on appeal unless the trial court's decision is outside the zone of reasonable disagreement. *Id*.

The trial began on February 8, 2016. Therefore, the State did not provide fourteen days notice as required by Article 38.072. If the State fails to comply with the notice requirements, we will not reverse unless that failure caused harm. *Zarco v. State*, 210 S.W.3d 816, 832 (Tex.App.-Houston [14th Dist.] 2006, no pet.). The notice

requirement in Article 38.072 is to prevent surprise at trial due to the outcry testimony. *Zarco v. State*, 210 S.W.3d at 832; *Gabriel v.State*, 973 S.W.2d 715, 719 (Tex.App. – Waco 1998, no pet.). In our harm analysis, we determine if the failure caused appellant to be actually surprised by the outcry evidence and whether the failure prejudiced appellant. *Zarco v. State*, 210 S.W.3d at 832; *Gabriel v.State*, 973 S.W.2d at 720.

The record does not show that Appellant was surprised by the outcry evidence. At the 38.072 hearing, Appellant did not complain that the notice was untimely, but rather that the notice was inadequate because the outcry occurred at more than one location. Appellant did not seek a continuance or in any way indicate that he was surprised by the outcry evidence due to the late notice. Appellant was able to cross-examine both A.R. and Evelyn about the statements. We find that any error in admitting the outcry statements without timely notice did not affect Appellant's substantial rights. TEX.R.APP.P. 44.2; *Gabriel v.State*, 973 S.W.2d at 720. We overrule the first issue.

Appellant argues that the notice does not comport with Evelyn's testimony at the Article 38.072 hearing. Appellant complains that the notice states that A.R. made all of the statements to Evelyn at the motel and some of the allegations were made later that day at the hospital. Appellant sought to limit Evelyn's testimony to only the statements A.R. made while at the motel.

The purpose of the Article 38.072 notice requirement is to prevent the defendant from being surprised by the introduction of the outcry testimony. *Owens v. State*, 381 S.W.3d 696, 704 (Tex.App.-Texarkana 2012, no pet.). The written summary must give the defendant adequate notice of the content and scope of the outcry testimony. *Id*. The outcry statement must "describe the alleged offense in some discernible manner," and the statement is sufficient if it "reasonably informs the defendant of the essential facts related in the outcry statement." *Davidson v. State*, 80 S.W.3d 132, 136 (Tex.App.-Texarkana 2002, pet. ref'd). Any error in the substance of an outcry notice is harmless when there is no indication that the defendant was surprised by the outcry testimony. *Owens v. State*, 381 S.W.3d at 704.

The notice provided Appellant with adequate notice of the content and scope of the outcry testimony. The notice included all of the allegations made by A.R. and informed Appellant of the essential facts in the outcry statement. The record does not show that Appellant was surprised by Evelyn's testimony. We overrule the second issue.

**Prior Outcry Statements**

In the third issue, Appellant argues that the trial court erred in prohibiting him from offering any testimony or evidence of prior outcry statements made by A.R. The trial court held a hearing pursuant to Rule 412 of the Texas Rules of Evidence to determine the admissibility of prior outcry statements made by A.R. and the

admissibility of any prior acts of sexual abuse against A.R. by her biological father. At the hearing, Evelyn testified that A.R. made a previous outcry against her biological father when she was three years old. A.R. was examined by the CARE team at Cook Children's Medical Center and interviewed at the Children's Advocacy Center in Cleburne. The trial court ruled that any evidence or testimony of the prior outcry was prohibited and that there would not be any questions or testimony concerning any alleged abuse by A.R.'s biological father.

At trial, the State asked Evelyn how she knew to take A.R. to Cook Children's for an exam after the allegations against Appellant. Evelyn responded, "I had a previous incident with - -". The State interrupted and approached the bench and told the trial court she tried to locate Evelyn prior to her testifying to tell her not to discuss that. Appellant argued that the State had opened the door to evidence regarding the prior outcry. The trial court stated to "move on."

Rule of Evidence 412 applies in prosecutions for sexual assault, aggravated sexual assault, or for attempts to commit sexual assault or aggravated sexual assault. Rule 412 (a) prohibits opinion or reputation evidence of past sexual behavior of an alleged victim in these prosecutions. Rule 412 (b), however, allows for evidence of a victim's past sexual behavior to be admitted in certain instances. Specifically, Rule 412 (b) (2) (C) provides that evidence of specific instances of a victim's past sexual behavior is admissible if it relates to the victim's motive or bias. TEX.R.EVID. 412 (b)

(2) (C).  Under Rule 412 (b) (3), the probative value of the evidence must outweigh the danger of unfair prejudice.

Appellant argues that the evidence was admissible to show A.R.'s bias and motive because his theory of the case was that A.R. was jealous of her mother's relationship with Appellant and that she knew if she accused Appellant of a sexual act, he would be removed from her life.  Appellant also contends that the evidence was admissible under Rule 412(b)(2)(E) because the evidence was "constitutionally required" to be admitted to allow him to present his defense and confront and cross-examine witnesses.

We review a trial court's ruling regarding the admission or exclusion of evidence for an abuse of discretion. *See Tillman v. State*, 354 S.W.3d 425, 435 (Tex.Crim.App.2011); *Robisheaux v. State*, 483 S.W.3d 205, 223 (Tex.App.-Austin 2016 pet. ref'd).  The function of the balancing test of  Rule 412(b)(3) is generally consistent with that under Rule 403, except that the general balancing test under Rule 403 weighs in favor of the admissibility of evidence, while Rule 412(b)(3) weighs against the admissibility of evidence.  *Robisheaux v. State*, 483 S.W.3d at 223-224. The proponent of evidence in a Rule 412 setting bears the burden of establishing that the probative value outweighs the danger of unfair prejudice." *Robisheaux v. State*, 483 S.W.3d at 224.

Appellant has not met his burden to show that the probative value of the evidence outweighs the danger of unfair prejudice. The record does not show that the prior outcry against A.R.'s biological father was false. *See Lopez v. State*, 18 S.W.3d 220, 225 (Tex.Crim.App. 2000). The record shows that A.R.'s biological father was never charged with the offense for lack of physical evidence; however, that does not support a finding that the allegation was false. Moreover, Appellant argues that the evidence was relevant to show A.R. was jealous and wanted him removed from her life. The record shows that Evelyn separated from A.R.'s biological father when A.R. was six months old. Therefore, the evidence wasn't probative to show A.R. made a similar outcry because she was jealous of her biological father and wanted to remove him from her life.

The Sixth Amendment right to confront witnesses includes the right to cross-examine witnesses to attack their general credibility or to show their possible bias, self-interest, or motives in testifying. *Hammer v. State*, 296 S.W.3d 555, 561 (Tex.Crim.App. 2009); *Robisheaux v. State*, 483 S.W.3d at 224. The trial judge has wide discretion in limiting the scope and extent of cross-examination. *Hammer v. State*, 296 S.W.3d at 561; *Robisheaux v. State*, 483 S.W.3d at 224. Confrontation rights are violated only "if the state evidentiary rule would prohibit him from cross-examining a witness concerning possible motives, bias, and prejudice to such an extent that he could not present a vital defensive theory." *Hammer v. State*, 296 S.W.3d at 562-563; *Robisheaux*

*v. State*, 483 S.W.3d at 224.  In general, if a ruling is proper under the Rules of Evidence, the ruling will not violate a defendant's confrontation rights.  *See Hammer v. State*, 296 S.W.3d at 566; *Robisheaux v. State*, 483 S.W.3d at 225.

Appellant was able to present his general defensive theory that A.R. was jealous of his relationship with her mother and resented his discipline of her and that she wanted him out of her life.  Appellant was able to cross-examine witnesses concerning his defensive theory.  Because Rule 412 favors exclusion rather than admission of evidence of a victim's past sexual behavior and that the potential prejudicial effect of the evidence outweighed any probative value, we cannot conclude that the trial court abused its discretion by determining that the evidence should not be admitted under Rule of Evidence 412.  We overrule the third issue.

### Extraneous Offense

In the fourth issue, Appellant argues that the trial court erred in admitting extraneous offense testimony that alleged a prior sexual assault on a child by Appellant. We review a trial court's admission or exclusion of evidence for an abuse of discretion.  *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).  A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles.  *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App.1990).  When considering a trial court's decision to admit or exclude evidence, we will not reverse the trial court's ruling unless it falls outside the

"zone of reasonable disagreement." *Id.* at 391; *see Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).

The trial court held a hearing pursuant to Article 38.37 of the Texas Code of Criminal Procedure to determine the admissibility of the testimony of N.B, Appellant's biological daughter. At the hearing, N.B. testified "my dad had sex with me." The State asked what she meant by that, and N.B. responded by using gestures to indicate that Appellant put something in her mouth. N.B. then stated that Appellant put his "butt" in her mouth and explained that "butt" refers to what he uses to "pee." N.B. testified that she was around three years old when it happened.

N.B.'s mother, Kayla, also testified at the hearing. Kayla stated that N.B. made the allegations in the summer of 2011 when N.B. stayed with Appellant and his girlfriend. Kayla testified that N.B. did not have a lot of details, and she could not piece together what she meant because she was so young. Kayla took N.B. to the dentist because she talked about her mouth being affected, but the dentist did not find any bruising in her mouth. Kayla did not report the incident to the police, and Appellant was not arrested for the offense. The trial court found that the evidence presented and the evidence likely to be admitted during trial would be adequate to support a finding that Appellant committed the separate offense as described by N.B. beyond a reasonable doubt.

Typically, the State cannot provide evidence of prior crimes, wrongs, or other acts to show that the defendant acted in accordance with that character or had a propensity to commit the crime. TEX. R. EVID. 404(b). However, Article 38.37, allows the State to provide evidence of other children who the defendant has sexually assaulted "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37 § 2(b) (West Supp. 2016); *Alvarez v. State*, 491 S.W.3d 362, 367(Tex.App.-Houston [1st Dist.] 2016, pet. ref'd). The State must give the defendant 30 days' notice of its intent to introduce the evidence. TEX. CODE CRIM. PROC. ANN. art. 38.37 § 3 (West Supp. 2016). In addition, the trial court must conduct a hearing out of the jury's presence to determine that the evidence likely to be admitted will support a jury finding that the defendant committed the separate offense beyond a reasonable doubt. TEX. CODE CRIM. PROC. ANN. art. 38.37 § 2a (West Supp. 2016); *Alvarez v. State*, 491 S.W.3d at 367.

The law is well-established that the testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault of a child. *Gonzales v. State*, 477 S.W.3d 475, 480 (Tex.App.-Fort Worth 2015, pet. ref'd). N.B. testified in unsophisticated terms that Appellant put his penis in her mouth. Her testimony would establish the essential elements of the offense of aggravated sexual assault. We find that the trial court did not abuse its discretion by deciding that the evidence was adequate to support

a finding that Appellant committed the separate offense beyond a reasonable doubt. *See Gonzales v. State*, 477 S.W.3d at 480-481.

Appellant also contends that the trial court should have excluded the evidence pursuant to Rule 403 of the Texas Rules of Evidence. Rule 403 provides that otherwise relevant and admissible evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403.

Applying the Rule 403 balancing test does not permit "a trial court to exclude otherwise relevant evidence when that evidence is merely prejudicial." *Alvarez v. State*, 491 S.W.3d at 370. The rule "should be used sparingly," only when the prejudicial effects substantially outweigh the probative nature of the evidence. *Id*. (quoting *Hammer v. State*, 296 S.W.3d at 562). In determining whether the prejudicial effects substantially outweigh the probative nature of the evidence, the trial court must consider four factors: (1) the probative value of the evidence, (2) the potential to impress the jury in some irrational, yet indelible, way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence. *Prible v. State*, 175 S.W.3d 724, 733 (Tex.Crim.App.), *cert. denied*, 546 U.S. 962, 126 S.Ct. 481, 163 L.Ed.2d 367 (2005); *Gonzales v. State*, 477 S.W.3d at 481.

N.B.'s testimony was probative because the acts she described were similar to those described by A.R. and there were no other witnesses to the offense other than A.R.

and Appellant.  Although evidence of the prior sexual acts are prejudicial to Appellant, they are not unfairly prejudicial.  *See Alvarez v. State*, 491 S.W.3d at 371.  The State had a need for the evidence, and the testimony did not take an inordinate amount of time to develop.  The trial court did not abuse its discretion in admitting N.B.'s testimony.  We overrule the fourth issue.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed April 26, 2017
Do not publish
[CRPM]

