**Affirmed and Memorandum Opinion filed August 6, 2024**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00645-CR

---

**LEONARDO PEREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 12th District Court
Grimes County, Texas
Trial Court Cause No. 19064**

---

## MEMORANDUM OPINION

Appellant Leonardo Perez plead guilty to Possession of a Controlled Substance Penalty Group 1 in the amount of 4 grams or more but less than 200 grams, a lesser included offense of Possession with Intent to Deliver as charged in the indictment. *See* Tex. Health & Safety Code Ann. § 481.115(e). Appellant plead "True" to the enhancement paragraph increasing his punishment range to a term of imprisonment for 5-99 years to life in Texas Department of Criminal Justice Institutional Division and a fine not to exceed $10,000.00. *See* Tex. Penal Code Ann.

§ 12.42(b). The jury assessed a punishment of a term of 50 years confinement in the Texas Department of Criminal Justice Institutional Division.

In appellant's sole issue on appeal, appellant argues that the trial court abused its discretion by striking venireperson 2 because she demonstrated that she could consider the full range of punishment in a proper case.

Appellant did not preserve his complaint for our review. We affirm.

## Background

On August 22, 2023, the State and appellant's counsel conducted a voir dire of the jury panel. The State individually questioned panel members if they could consider the full range of punishment, 5 to 99 years to life in the Texas Department of Criminal Justice Institutional Division. Venireperson 36 confirmed that he could not consider the full range of punishment. Venirepersons 10, 9, and 2 also confirmed that they could not consider the full range of punishment, specifically the 99 years to life.

Appellant's trial counsel attempted to rehabilitate venireperson 2 and eventually elicited that she would abide by the judge's instructions in the case.

Outside the hearing of the panel, the State challenged venireperson 2 for cause for her inability to consider the full range of punishment. Appellant's trial counsel did not agree on venirepersons 2 and 36 being excused for cause but did agree on others being excused for cause.

The trial court summoned venireperson 2 outside the hearing of the panel for additional questioning on the range of punishment. After the trial court questioned her, the court told both attorneys, "I'm going to strike [her] for cause, number 2." Appellant did not object. The court then questioned appellant's trial counsel whether he wished to challenge anyone for cause. Appellant's trial counsel stated he had no additional challenges for cause. Trial counsel made no challenge to the array on the record by claiming that appellant was being deprived of a lawfully constituted jury

2

and continued to make peremptory strikes of the panel. The jury was seated and sworn by the court and at no time did appellant's trial counsel make an objection on the record to the sworn jury.

## Discussion

The State argues that appellant did not preserve his claim, as he did not object to the trial court striking venireperson 2.

For a party to preserve an issue for appeal, it must make a timely, specific objection on the alleged error and obtain a ruling. *See* Tex. R. App. P. 33.1(a). Even a potential constitutional violation can be waived if the party fails to object at trial. *Briggs v. State,* 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

Preserving error is not a technical exercise that requires the party to meet a certain formula; instead, "[s]traightforward communication in plain English will always suffice." *Lankston v. State,* 827 S.W.2d 907, 908–09 (Tex. Crim. App. 1992). The party's communication must (1) tell the trial judge what the party wants, (2) inform the judge why the party is entitled to that relief, and (3) be clear enough so that the judge understands the party's position in time for the judge to correct the error. *Reyna v. State,* 168 S.W.3d 173, 179 (Tex. Crim. App. 2005); *Lankston,* 827 S.W.2d at 909. To meet these requirements, the party must "state[ ] the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A).

Here, appellant did not object to or otherwise address the trial court striking venireperson 2. After hearing additional answers from both venirepersons 2 and 36, the trial court struck venireperson 2 for cause and did not strike venireperson 36. When asked if the defense had anyone he wished to challenge for cause, appellant's counsel responded, "Judge, I have — based on the State's for cause and the ones we have agreed to, the ones that have already been granted either by agreement or by

yourself, Judge, we don't have any additional for cause." Appellant did not at any time object on the issue of venireperson 2 being struck. Appellant did not tell the trial court what relief he sought, justify entitlement to that relief, or clearly communicate appellant's position in time for the judge to correct the alleged error. *See Reyna,* 168 S.W.3d 179; *Lankston,* 827 S.W.2d at 909. Even if appellant was to contend that there was a constitutional issue, appellant failed to specify what laws or constitutional provisions were implicated, which is required. *Karenev,* 281 S.W.3d at 434; *Lovill*, 319 S.W.3d at 692–93; *see Alvarez v. State*, 491 S.W.3d 362, 368 (Tex. App. 2016). As such, appellant failed to preserve on appeal his contention that venireperson 2 was wrongly struck from the jury. *Ortiz v. State*, 993 S.W.2d 892, 896 (Tex. App.—Fort Worth 1999, no pet.) (holding appellant failed to preserve error when he did not object to trial court ruling granting State's motion to challenge juror for cause) (citing *Fuller v. State*, 827 S.W.2d 919, 924-25 (Tex. Crim. App. 1992), *cert. denied*, 509 U.S. 922, 113 S.Ct. 3035, 125 L.Ed.2d 722 (1993)). We overrule appellant's sole issue on appeal.

## Conclusion

We affirm the trial court's judgment.

/s/    Meagan Hassan
       Justice


Panel consists of Justices Jewell, Zimmerer, and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b)

4