**Opinion issued February 20, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-23-00086-CR**
_____

**CHRISTOPHER CHAD BONNET, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Case No. 22-03-18016**

## MEMORANDUM OPINION

A jury convicted appellant Christopher Chad Bonnet of sexual assault of a child. *See* TEX. PENAL CODE § 22.011. After finding an enhancement allegation true, the trial court assessed appellant's punishment at forty years' confinement. In a

single issue, appellant contends that the trial court abused its discretion—during the guilt-innocence phase of his trial—by overruling his objection under Texas Rule of Evidence 403 and admitting evidence of extraneous sexual offenses allegedly committed by him against other children. *See* TEX. R. EVID. 403. We affirm.

## Background

Appellant was charged by indictment with sexual assault of a child.[1] The indictment alleged that appellant "intentionally and knowingly cause[d] the penetration of the sexual organ of A.V., a child who was younger than 17 years of age, by [his] sexual organ." *See* TEX. PENAL CODE § 22.011(a)(2)(A) (a person commits sexual assault of a child if he causes the penetration of a child's sexual organ by any means), (c)(1) (defining "child" as "a person younger than 17 years of age"). Appellant pleaded not guilty, and his case proceeded to a trial by jury.

The State presented testimony from the complainant (A.V.), who was seventeen years old at the time of trial. She testified that, during the summer of 2021, when she was sixteen years old, she worked for a construction company that employed her grandfather. Appellant was in his late twenties and worked for the construction company. After the complainant sustained a work injury to her hand

---

[1]     All persons who were minors at the time of the offenses referenced in this opinion will be referred to by their initials. *See* TEX. R. APP. P. 9.10.

2

and appellant aided her, the complainant started having frequent conversations with appellant that evolved from friendly to flirtatious.

The complainant and her grandparents had dinner at the "boss's house" "almost every day" that summer after work. The boss's house is one of four dwellings on the boss's property, which also includes an outhouse, an office, and a shack containing two guest rooms. Appellant stayed in one of those guest rooms. One evening, appellant allowed the complainant to use his room to get ready for dinner. While the complainant changed clothes, appellant entered the room and asked if they could have sex. The complainant agreed. They took off their clothes, and appellant penetrated the complainant's vagina with his penis. Appellant knew the complainant was only sixteen years old at the time.

About a month later, the complainant discovered she was pregnant. She informed appellant, and he told her not to tell anyone. After starting her period, the complainant learned she was no longer pregnant. She texted appellant to share the news, but his fiancé, Kristina Hendrix, saw the message and threatened to report the matter to law enforcement and the complainant's grandmother. The complainant initially did not tell anyone about having sex with appellant because appellant warned her not to tell anyone or he would get in trouble. The complainant also feared her grandmother finding out and punishing her. After speaking with Hendrix, the

complainant decided to tell her grandmother about having sex with appellant, and her grandmother reported the allegation to law enforcement.

Lizbeth Ocampo of Child Advocates of Fort Bend testified in appellant's trial. She conducted a forensic interview of the complainant and had "no concerns" regarding the possibility that the complainant had been coached or influenced to say she had sex with appellant. Stephanie de Jongh, the sexual assault nurse examiner who performed a forensic sexual assault exam on the complainant, also testified in appellant's trial. She did not observe any injuries to the complainant's genitals during the exam, but she did not find that unusual. She also did not collect any physical evidence from the complainant because the assault had allegedly occurred months before the exam, and it was unlikely any DNA would be found.

Prior to trial, the State notified appellant of its intent to present evidence of extraneous sexual offenses that he allegedly committed against other children. During the trial, but outside the presence of the jury, the trial court considered the admissibility of K.M.'s testimony that appellant sexually assaulted her. K.M. testified that appellant dated her mother. According to K.M., appellant put his penis inside of her more than five times, starting when she was eight years old.

The trial court also considered the admissibility of H.B.'s testimony. Appellant is H.B.'s uncle. H.B. testified that when she was between eight and eleven years old, appellant put his hands inside her pants, touching the outside of her vagina.

4

Appellant also pulled out his penis, pushed H.B.'s head towards his penis, and told H.B. to kiss it.

Along with their testimony, the trial court considered the admissibility of court records showing that in 2016, appellant pleaded guilty to attempted aggravated sexual assault of K.M., and that his adjudication for the offense was deferred, and he was placed on community supervision. The court records further show that a trial court adjudicated appellant's guilt for the offense in 2018, sentencing him to four years' confinement.

Appellant objected to the admission of evidence concerning the extraneous sexual offenses. He claimed, among other things, that the probative value of the extraneous sexual offenses was substantially outweighed by the danger of unfair prejudice. The trial court overruled appellant's objection and admitted the evidence. The trial court found that Article 38.37 of the Texas Code of Criminal Procedure authorized the evidence's admission, and that "its probative value [was not] substantially outweighed by one of the enumerated dangers. . ." in Rule 403 of the Texas Rules of Evidence.

Appellant did not testify in his trial but presented testimony from his fiancé, Hendrix. Hendrix testified that when she first confronted the complainant about having sex with appellant, the complainant denied it until Hendrix threatened to contact law enforcement. Given the complainant's inconsistent statements about

having sex with appellant, Hendrix believed that appellant was innocent of the charged offense.

After closing statements, the jury deliberated and found appellant guilty of sexual assault of a child, as charged in the indictment. The trial court found an enhancement allegation—that appellant had been previously finally convicted of attempted aggravated sexual assault of K.M.—to be true and sentenced appellant to 40 years' confinement. Appellant did not move for a new trial. This appeal followed.

## The Trial Court's Admission of Extraneous Sexual Offenses

Appellant argues that the trial court abused its discretion in admitting evidence of his extraneous sexual offenses against K.M. and H.B. On appeal, appellant challenges the admission of the evidence solely under Texas Rule of Evidence 403.

### A. Standard of Review

We review a trial court's decision to admit extraneous offense evidence under Rule 403 for an abuse of discretion. *Perkins v. State*, 664 S.W.3d 209, 217 (Tex. Crim. App. 2022). A trial court abuses its discretion if its evidentiary ruling lies outside the zone of reasonable disagreement. *Valadez v. State*, 663 S.W.3d 133, 143 (Tex. Crim. App. 2022). If the trial court's evidentiary ruling falls within the zone of reasonable disagreement under any applicable legal theory, we will not intervene, even if the trial court gave an improper justification for its ruling. *De la Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009).

**B.     Applicable Law**

Generally, Texas Rule of Evidence 404(b) prohibits the admission of extraneous offense evidence to prove a person's character or to show that the person acted in conformity with that character. *See* TEX. R. EVID. 404(b). But when a defendant is prosecuted for certain sexual offenses against children, including sexual assault of a child, Article 38.37 authorizes the admission of evidence that the defendant has committed one or more enumerated sexual offenses against another child, including indecency with a child, sexual assault of a child, and aggravated sexual assault of a child. *See* TEX. CODE CRIM. PROC. art. 38.37, § 2(b); *Castillo v. State*, 573 S.W.3d 869, 879–80 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd) (evidence that defendant committed separate sex offense against another child is admissible in criminal prosecutions for certain sex offenses against children (citing TEX. CODE CRIM. PROC. art. 38.37, § 2(b)). Such evidence is admissible under Article 38.37 for any bearing the evidence has on relevant matters, including as proof of the defendant's character and propensity to act in conformity with his character. *See Castillo*, 573 S.W.3d at 880 (citing TEX. CODE CRIM. PROC. art. 38.37, § 2(b)); *see also Jeansonne v. State*, 624 S.W.3d 78, 94–95 (Tex. App.—Houston [1st Dist.] 2021, no pet.) ("Essentially, article 38.37 is an evidentiary rule applicable to certain types of sexual abuse cases, including those involving sexual assault of a child, that

7

supersedes the application of Texas Rule of Evidence 404(b), and makes admissible certain extraneous offense evidence that Rule 404(b) does not.").

Under Rule 403, a trial court may exclude evidence concerning extraneous sexual offenses, notwithstanding Article 38.37, if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403. When considering a Rule 403 objection, the trial court must balance: (1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable; (2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and (4) the proponent's need for the evidence. *Perkins*, 664 S.W.3d at 217; *see Gigliobianco v. State*, 210 S.W.3d 637, 641, 642 (Tex. Crim. App. 2006) (addressing factors of Rule 403 analysis with greater detail).

### C.     Analysis

After examining the record and considering the relevant factors, we cannot say the trial court abused its discretion in admitting evidence concerning appellant's extraneous sexual offenses against K.M. and H.B. *See Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007) ("Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial."); *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999)

(cautioning reviewing courts to reverse trial court's Rule 403 ruling "rarely and only after a clear abuse of discretion").

### 1. Probative Value

Appellant claims that the first factor weighs "slightly" in favor of exclusion. He contends that the extraneous sexual offenses against K.M. and H.B. were too remote in time to be admissible under Rule 403. K.M. was sexually assaulted approximately nine to ten years before appellant's trial. H.B. was sexually assaulted approximately thirteen to sixteen years before appellant's trial. Appellant further contends that both K.M. and H.B. were younger than fourteen years old when the extraneous sexual offenses occurred, while the complainant was sixteen years old at the time of the charged offense.

Several courts, including this one, have held that "[b]ecause the evidence of prior sexual abuse of children 'was especially probative of [the defendant's] propensity to sexually assault children,' the Rule 403 balancing test normally will not favor the exclusion of evidence of the defendant's prior sexual assaults of children." *Alvarez v. State*, 491 S.W.3d 362, 371 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Belcher v. State*, 474 S.W.3d 840, 848 (Tex. App.—Tyler 2015, no pet.)); *see, e.g.*, *Deggs v. State*, 646 S.W.3d 916, 925 (Tex. App.—Waco 2022, pet. ref'd) ("[E]vidence of a separate sexual offense against a child admitted

under Article 38.37, Section 2(b) is probative of a defendant's character or propensity to commit sexual assaults on children").

Although "[r]emoteness of an extraneous offense can significantly lessen its probative value […] remoteness alone does not require the trial court to exclude evidence of an extraneous offense under Rule 403." *Dies v. State*, 649 S.W.3d 273, 285 (Tex. App.—Dallas 2022, pet. ref'd); *see Gaytan v. State*, 331 S.W.3d 218, 226 (Tex. App.—Austin 2011, pet. ref'd) (stating "remoteness can significantly lessen the probative value of extraneous-offense evidence … because, logically, the passage of time allows things and people to change"). While the extraneous sexual offenses in this case occurred well before the charged offense, the trial court could have reasonably determined that their remoteness did not fully undermine their probative value due to their similarities to the charged offense. *See*, *e.g.*, *Guedea v. State*, 683 S.W.3d 549, 553 (Tex. App.—Waco 2023, no pet.) (concluding that evidence relating to extraneous offenses from 1990 was "probative of [defendant]'s character or propensity to sexually abuse young female children" and that first factor "weigh[ed] strongly in favor of admission"); *Dies*, 649 S.W.3d at 286–87 (finding that first factor weighed in favor of admission as extraneous sexual offense was probative of defendant's character or propensity and shared similarities to charged offense, despite extraneous offense occurring approximately 19 years before trial and 12 years before abuse of complainant).

Moreover, although certain aspects of the charged offense in this case may have differed from the extraneous sexual offenses, there were significant similarities. As he did with K.M., and H.B., appellant sexually assaulted the complainant, a child, in familiar surroundings after gaining her trust. Appellant sexually assaulted K.M. in the home that they shared with K.M.'s mother, whom he was dating. Appellant sexually assaulted H.B., his niece, at her grandmother's home. Appellant sexually assaulted the complainant, his co-worker, on the boss's property, a place where the complainant spent almost every night in the summer of 2021 having dinner with family and friends. Appellant then instructed the complainant not to tell anyone about the assault, just as he had done with H.B. *See*, *e.g.*, *Fisk v. State*, 510 S.W.3d 165, 173–74 (Tex. App.—San Antonio 2016, no pet.) (trial court could have reasonably determined similarities between extraneous sexual offenses and charged sexual offense strengthened probative value of extraneous sexual offenses despite time gap of several years between them; defendant allegedly committed extraneous sexual offenses against young female family members while visiting homes in which they were in familiar surroundings).

Appellant relies on the age disparity between the complainant (16 years old at the time) and both K.M. (8 years old) and H.B. (between 8 and 11 years old) to support his contention that the first factor favors exclusion. While the parties did not cite, and this court has not found, case law addressing age disparity in this context,

we note that, for the reasons explained above, evidence can be probative even when the situation is not identical, and here, there were significant similarities at play, such as appellant sexually assaulting the complainant in familiar surroundings after gaining her trust and then instructing her not to tell anyone. *See* TEX. CODE CRIM. PROC. art. 38.37, § 2 (authorizing trial court's admission of evidence that defendant on trial for sexual assault of child younger than seventeen committed aggravated sexual assault of a child younger than fourteen, for any bearing the evidence has on relevant matters, including appellant's character and propensity to sexually assault children); *see also* TEX. PENAL CODE § 22.011(a)(2), (c)(1), § 22.021(a)(1)(B), (2)(B). Thus, it was reasonable for the trial court to find that the probative value of the extraneous sexual offenses favored admission.

### 2. Potential to Impress Jury in Irrational, Indelible Way

Although the Court of Criminal Appeals has held that "sexually related bad acts and misconduct involving children are inherently inflammatory," "the plain language of Rule 403 does not allow a trial court to exclude otherwise relevant evidence when that evidence is merely prejudicial." *Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013) (citing TEX. R. EVID. 403); *see Alvarez*, 491 S.W.3d at 370. In appellant's case, Article 38.37 expressly authorized admission of evidence showing that he committed separate sexual offenses against other children "for any bearing the evidence has on relevant matters, including the character of the

defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. art. 38.37, § 2(b). Nothing in the record suggests that the evidence concerning the extraneous sexual offenses influenced the jury to decide the case on an improper proper basis, something appellant concedes in his brief. *See Belcher*, 474 S.W.3d at 848 (noting that extraneous sexual offense evidence involving another child was "more repugnant and inflammatory than the offense alleged against" named complainant, but still holding that trial court did not violate Rule 403 by admitting evidence). Thus, it was reasonable for the trial court to find that the second factor weighed in favor of admission.

### 3. Time Needed to Develop Evidence

Appellant concedes that the third factor weighs in favor of admission. The appellate record demonstrates that the State spent an inconsequential amount of time developing the evidence concerning the extraneous sexual offenses. The guilt-innocence phase of appellant's trial comprises more than 350 pages in two volumes of the eight-volume reporter's record. Yet only eight pages were dedicated to K.M. and H.B.'s testimony, before the jury, about the extraneous sexual offenses. Thus, it was reasonable for the trial court to find that the third factor weighed in favor of admission.

### 4. State's Need for Evidence

Appellant contends that the fourth factor favors exclusion. However, the Court of Criminal Appeals has cautioned that Rule 403 "should be used sparingly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or complainant in such 'he said, she said' cases." *Hammer v. State*, 296 S.W.3d 555, 562 (Tex. Crim. App. 2009); *see Alvarez*, 491 S.W.3d at 371 ("Without the evidence of the other children that [defendant] abused, 'this becomes a "he said, she said" case.'") (citation omitted). "Texas law, as well as the federal constitution, requires great latitude when the evidence deals with a witness's specific bias, motive, or interest to testify in a particular fashion." *Hammer*, 296 S.W.3d at 562.

Given there was no eyewitness or corroborating physical evidence, this case was a "he said, she said" question for the jury. Although the jury heard testimony from a forensic interviewer that she had "no concerns" regarding the possibility that the complainant had been coached or influenced to say she had sex with appellant, the jury also heard testimony from appellant's fiancé that the complainant provided inconsistent statements on the matter, and that she believed appellant was innocent. Without the extraneous sexual offenses, the State's case hinged on the complainant's claim that she had sex with appellant against appellant's plea (and his fiancé's claim) that he did not. Thus, it was reasonable for the trial court to find that the State's need

14

for the extraneous offense evidence favored admission. *See Caston v. State*, 549 S.W.3d 601, 612 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (State's need for extraneous offense evidence was "considerable" where there were no eyewitnesses and no physical evidence to corroborate complainant's testimony in child sex abuse prosecution); *Robisheaux v. State*, 483 S.W.3d 205, 220 (Tex. App.—Austin 2016, pet. ref'd) (determining that State's need for evidence "weighs strongly in favor of admission" because without evidence, State's case would have amounted to complainant's word against defendant's).

We conclude that the trial court could have reasonably found all the relevant balancing factors favored admission of the evidence concerning appellant's extraneous sexual assaults against K.M. and H.B. under Rule 403. Therefore, the trial court did not abuse its discretion in overruling appellant's Rule 403 objection and finding the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Appellant's sole issue is overruled.

## Conclusion

We affirm the trial court's judgment.

Amparo Monique Guerra
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).

15